IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLAYTON CATLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 20-3212-JWL |
| D. HUDSON, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary-Leavenworth, claims the federal Bureau of Prisons (BOP) improperly calculated his good conduct time credits (GCT) under the First Step Act of 2018 (FSA).

**Background**

On March 13, 2008, petitioner was sentenced in the United States District Court for the District of Colorado to a term of 120 months and a 3-year term of supervised release. On December 9, 2016, he was released from BOP custody and began serving his term of supervised release.

On March 24, 2017, petitioner violated the conditions of supervised release by robbing a bank, using illicit substances, and missing drug tests. The bank robbery resulted in new criminal charges in the District of Colorado, and on March 8, 2018, petitioner was sentenced in the new criminal action to a term of 46 months and a 3-year term of supervised release. On the same day, his term of supervised release in the original criminal case was

revoked, and he was sentenced to an additional prison term of 21 months. The revocation sentence was ordered to be consecutive to petitioner's sentence in the new criminal case.

The BOP calculated petitioner's sentence as an aggregate term of 67 months followed by 3 years of supervised release. The sentence commenced on March 8, 2018, and petitioner received 337 days of credit for time spent in detention, beginning with his arrest on April 5, 2017, through March 7, 2018.

Under 18 U.S.C. § 3624(b), amended by the FSA, petitioner is entitled to 301 days of GCT on his 67-month sentence. However, on February 13, 2019, petitioner was charged with a disciplinary violation of Assaulting Without Serious Injury. On March 13, 2019, he was found guilty, and the sanctions imposed included the disallowance of 27 days of GCT. Accordingly, he is entitled to 274 days of GCT on the aggregate 67-month term. His release date, calculated on present circumstances, is set for February 3, 2022.

## Discussion

To obtain federal habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Respondent seeks the dismissal of the petition on two grounds, namely, that petitioner failed to fully exhaust administrative remedies before filing this action and that the Bureau of Prisons properly calculated petitioner's GCT.

## Exhaustion of remedies

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." (citation omitted)). The

exhaustion requirement allows the BOP "an opportunity to correct [their] own mistakes ... before [they are] hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

Prisoners in the custody of the BOP have a four-step grievance process. *See* 28 C.F.R. §§ 542.10–.19. This procedure requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels.

Respondent argues that petitioner failed to complete the grievance procedure by presenting an appeal at the final level, the National Inmate Appeals Section in the BOP Central Office. Respondent points out that there is no record of an appeal in the log maintained in the Central Office, nor is there a record of that appeal at the prison.

Petitioner states in the petition that he filed the appeal on April 29, 2020, and that his unit team later told him the appeal was denied. The traverse does not address respondent's argument, but petitioner filed the traverse without having received the Answer and Return.

Because the attachments to the petition reflect only the institutional and regional grievances, and because there is no record at the BOP Central Office of a final appeal filed by petitioner, the court resolves this question against petitioner. There is no basis upon which the court can conclude that petitioner properly completed the grievance procedure.

**Eligibility for Good Conduct Time**

Section 102(b)(1)(A) of the FSA amended 18 U.S.C. § 3624(b)(1) to increase the maximum available GCT from 47 to 54 days per year of the sentence imposed. First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat.5194 (2018).[1]   In addition to the

---

[1] As amended, § 3624(b)(1) states:

GCT awarded on his 67-month aggregate sentence, petitioner reasons that he is entitled to the retroactive application of 70 days of credit for the 10 years he served on his original sentence prior to the amendment of 18 U.S.C. § 3624(b)(1).

Those courts that have considered similar claims in habeas corpus have concluded that a prisoner serving a post-revocation sentence is entitled to GCT on that sentence but is not entitled to GCT for time served on the original underlying sentence. *See, e.g., Jamison v. Warden, Elkton Federal Correctional Institution,* 19-cv-789, 2019 WL 5690710 (S.D. Ohio, Nov. 4, 2019)(rejecting claim for GCT on original sentence and stating "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.")(citing *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)); *Kieffer v. Rios*, No. 19-cv-0899, 2019 WL 3986260, at *1 (D. Minn, Aug. 23, 2019)(noting authority that "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time"), *aff'd*, No. 19-2933, 2019 WL 8194484 (8th Cir. Oct. 2, 2019); *Garland v. Johnson*, 19-cv-53-P, 2019 WL 5106275, at *1 (W.D. La. Aug. 12, 2019)(stating that even if petitioner were entitled to additional GCT, "federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [he] may be required to serve for violating the conditions of his

---

Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

release.")(citing 28 C.F.R. § 2.35(b)("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.").

The court agrees with this reasoning. Petitioner's revocation sentence, although related to his original sentence, is separate, and he is not entitled to additional GCT for his prior sentence. Because the Bureau of Prisons properly calculated his eligibility for GCT under 18 U.S.C. § 3624, petitioner is not entitled to habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED that the petition for habeas corpus is denied

Copies of this order shall be transmitted to the parties and to the U.S. Attorney for the District of Kansas.

**IT IS SO ORDERED.**

**Dated this 20th day of November, 2020, at Kansas City, Kansas.**

    **S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**