# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLAYTON CATLIN,        ) | |
|       ) | |
| Petitioner,   ) | CIVIL ACTION |
|       ) | |
| v.       ) | No. 20-3212-JWL |
|       ) | |
| D. HUDSON,       ) | |
|       ) | |
| Respondent.   ) | |
|       ) | |
|       ) | |

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary-Leavenworth, claims the federal Bureau of Prisons (BOP) improperly calculated his good conduct time credits (GCT) under the First Step Act of 2018 (FSA).

### Background

On March 13, 2008, petitioner was sentenced in the United States District Court for the District of Colorado to a term of 120 months and a 3-year term of supervised release. On December 9, 2016, he was released from BOP custody and began serving his term of supervised release.

On March 24, 2017, petitioner violated the conditions of supervised release by robbing a bank, using illicit substances, and missing drug tests. The bank robbery resulted in new criminal charges in the District of Colorado, and on March 8, 2018, petitioner was sentenced in the new criminal action to a term of 46 months and a 3-year term of supervised release. On the same day, his term of supervised release in the original criminal case was

revoked, and he was sentenced to an additional prison term of 21 months. The revocation sentence was ordered to be consecutive to petitioner's sentence in the new criminal case.

The BOP calculated petitioner's sentence as an aggregate term of 67 months followed by 3 years of supervised release. The sentence commenced on March 8, 2018, and petitioner received 337 days of credit for time spent in detention, beginning with his arrest on April 5, 2017, through March 7, 2018.

Under 18 U.S.C. § 3624(b), amended by the FSA, petitioner is entitled to 301 days of GCT on his 67-month sentence.   However, on February 13, 2019, petitioner was charged with a disciplinary violation of Assaulting Without Serious Injury. On March 13, 2019, he was found guilty, and the sanctions imposed included the disallowance of 27 days of GCT. Accordingly, he is entitled to 274 days of GCT on the aggregate 67-month term. His release date, calculated on present circumstances, is set for February 3, 2022.

## Discussion

To obtain federal habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Respondent seeks the dismissal of the petition on two grounds, namely, that petitioner failed to fully exhaust administrative remedies before filing this action and that the Bureau of Prisons properly calculated petitioner's GCT.

### Exhaustion of remedies

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." (citation omitted)). The

exhaustion requirement allows the BOP "an opportunity to correct [their] own mistakes ... before [they are] hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

Prisoners in the custody of the BOP have a four-step grievance process. *See* 28 C.F.R. §§ 542.10–.19. This procedure requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels.

Respondent argues that petitioner failed to complete the grievance procedure by presenting an appeal at the final level, the National Inmate Appeals Section in the BOP Central Office. Respondent points out that there is no record of an appeal in the log maintained in the Central Office, nor is there a record of that appeal at the prison. Petitioner merely states in the petition that he filed the appeal on April 29, 2020, and that his unit team later told him the appeal was denied.

Because the attachments to the petition reflect only the institutional and regional grievances, and because there is no record at the BOP Central Office of a final appeal filed by petitioner, the court resolves this question against petitioner. There is no basis upon which the court can conclude that petitioner properly completed the grievance procedure.

IT IS, THEREFORE, BY THE COURT ORDERED that the petition for habeas corpus is dismissed without prejudice for lack of jurisdiction.

Copies of this order shall be transmitted to the parties and to the U.S. Attorney for the District of Kansas.

**IT IS SO ORDERED.**

**Dated this 23rd day of November, 2020, at Kansas City, Kansas.**

**S/ John W. Lungstrum**

**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT  JUDGE**